Filed 7/24/15  P. v. Thrash CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061922 |
| v. | (Super.Ct.No. BLF004730) |
| WILLIAM LEONARD THRASH, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

In October 2010, defendant William Leonard Thrash was sentenced under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] to 25 years to life in prison for one of two current felony convictions for assaulting a correctional officer by means likely to produce great bodily injury while defendant was serving a state prison sentence (§ 4501). The assaults occurred at Ironwood State Prison in 2007, while defendant was serving an indeterminate life sentence as a third strike offender for a 1996 aggravated assault conviction in Orange County. (§ 245, subd. (a)(1).) Because defendant was serving a life term when he committed the section 4501 offenses, the offenses were serious felonies. (§ 1192.7, subd. (c)(12).)

Defendant petitioned the trial court to recall his current 25-year-to-life sentence and resentence him pursuant to the Three Strikes Reform Act of 2012 (the Act), also known as Proposition 36. (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 169-171 [explaining how the Act changed the Three Strikes law].) The trial court denied the petition on the ground defendant was serving a life term when he committed the section 4501 offenses, and because the court found defendant would pose "an unreasonable risk of danger to public safety" if he were resentenced under the Act. (§ 1170.126, subd. (f).)

On this appeal, defendant challenges the court's denial of his petition for resentencing on several grounds. We affirm. Defendant was ineligible to be resentenced under the Act simply because the section 4501 offense for which he was sentenced to a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

life term under the former Three Strikes law was a serious felony. (§ 1170.126, subds. (b), (c).) Assaulting a correctional officer by force likely to produce great bodily injury while serving a state prison sentence (§ 4501) becomes a *serious felony* if the inmate was serving a *life* sentence when he committed the offenses (§ 1192.7, subd. (c)(12)), and defendant was serving a life sentence when he committed the section 4501 offenses in 2007.

## II. ADDITIONAL BACKGROUND

### A. *The Current Section 4501 Offenses*

The facts underlying defendant's section 4501 convictions are described in this court's decision affirming the judgment of the convictions. (*People v. Thrash* (Mar. 9, 2012, E052049) [nonpub. opn.].) In May 2007, defendant was at the prison medical clinic, waiting in a holding cell to see a doctor. He was next in line to be seen and had been trying to see a doctor for several days. He suffered from high blood pressure and diabetes and needed medication. Around 11:30 a.m., one of the nurses asked him to leave the clinic and return to his prison cell for a "closed custody count." Defendant refused to leave the clinic and return to his cell, even after one of the nurses assured him he would be seen in the clinic that day.

Four correctional officers responded to the medical clinic and tried to convince defendant to return to his cell. Defendant swore at the officers, refused a direct order to leave, then tried to push past the officers. After an officer ordered him to turn around and "cuff up," defendant "whirl[ed] around" and punched the officer in the back of the neck

3

near the base of the officer's skull. A struggle ensued, and defendant punched another officer several times in the face. That officer also suffered a torn rotator cuff and torn ligament during a struggle with defendant on the concrete floor.

B. *Additional Procedural Background*

As indicated, a jury found defendant guilty of two counts of assaulting a correctional officer while serving a state prison sentence. (§ 4501.) In a bifurcated bench trial, the court found defendant had five prior strike convictions (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)), based on five convictions he suffered in Kentucky in 1973 when he was 24 years old: four armed robbery convictions and one conviction for "malicious shooting" with intent to kill. In October 2010, defendant was sentenced under the Three Strikes law to 25 years to life in prison on one of his two section 4501 convictions; on the second conviction he was sentenced to one year four months.

III.  DISCUSSION

A. *Proposition 36*

In the November 6, 2012, election, California voters approved the Act, which amended the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) effective November 7, 2012. (See *People v. Yearwood*, *supra*, 213 Cal.App.4th at pp. 169-170; see also Historical and Statutory Notes, 49 West's Ann. Pen. Code (2015 supp.) foll. § 667, p. 54; Historical and Statutory Notes, 50C Ann. Pen. Code (2015 supp.) foll. §§ 1170.12 & 1170.126, pp. 143-144, 170.) Before the Act, a defendant with two or more prior strike convictions (two or more serious or violent felony convictions) was subject to an

indeterminate term of 25 years to life upon conviction of *any* new felony. (*People v. Yearwood*, *supra*, at p. 170; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285.)

The Act amended the Three Strikes law to provide that if the defendant's new felony is neither a serious nor a violent felony, the defendant must be sentenced as if he or she had one prior strike conviction—that is, the defendant must be sentenced as a second strike offender, not a third strike offender. (See *People v. Superior Court (Kaulick)*, *supra*, 215 Cal.App.4th at pp. 1285-1286.) There are exceptions to the rule that the new felony must be serious or violent. (See *id*. at pp. 1286, 1293, fn. 11; §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) For example, the new offense cannot involve the defendant's use of a firearm. (§ 667, subd. (e)(2)(C)(iii).) Further, an otherwise third strike offender may not be sentenced as a second strike offender if he or she has a prior serious and/or violent felony conviction for certain offenses—including, for example, attempted homicide. (§ 667, subd. (e)(2)(C)(iv)(IV).)

The Act also added section 1170.126 to the Penal Code. (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 170.) Section 1170.126 allows inmates serving a life term under the former Three Strikes law, for a nonserious or nonviolent felony, to petition the trial court that imposed the sentence to recall the sentence and resentence the defendant under the Act. (§ 1170.126, subd. (b).) If the defendant meets the statutory criteria for resentencing listed in section 1170.126, subdivision (c)—that is, (1) the defendant is currently serving a life term for a felony or felonies that are neither serious nor violent,

5

(2) the defendant's current offense was not a disqualifying offense listed in sections 667, subdivision (e)(2)(C)(i) to (iii) and 1170.12, subdivision (c)(2)C)(i) to (iii), and (3) the defendant does not have a prior disqualifying conviction listed in sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv)—then the court is required to resentence the defendant as a second strike offender under the Act, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)

B.  *The Resentencing Proceedings*

In 2013, defendant petitioned the trial court to recall his 25-year-to-life sentence for the first of his two section 4501 convictions, and resentence him under the Act as if he were only a second strike offender.  (§ 1170.126, subd. (b).)  Following a January 2014 hearing, the court denied the petition on the ground defendant was ineligible to be resentenced under the Act because he was already serving a life sentence when he committed the section 4501 offenses.  Defendant petitioned for a rehearing.  The court granted a rehearing and set a "suitability" hearing to determine whether defendant would pose an unreasonable risk of danger to public safety if resentenced under the Act. (§ 1170.126, subds. (f), (g).)

The suitability hearing was held in September 2014, when defendant was 65 years old.  The hearing focused on whether defendant would pose an unreasonable risk of danger to public safety if resentenced under the Act.  (§ 1170.126, subds. (f), (g).)  The court found defendant was unsuitable for resentencing under the Act, based on his history

6

of committing violent crimes, including his section 4501 assaults on the correctional officers in 2007, when he was 57 years old, and because, in 2013, defendant was found in possession of methamphetamine, heroine, morphine, and marijuana in his prison cell. The court further found, as it had before, that defendant was ineligible to be resentenced under the Act because he was serving a life term when he committed the section 4501 offenses.

## IV.  ANALYSIS

On several grounds, defendant challenges the court's finding that he was ineligible to be resentenced under the Act and the court's additional finding that he was unsuitable for resentencing because he posed "an unreasonable risk of danger to public safety" if resentenced under the Act.[2]  It is unnecessary to address defendant's several claims of error because any errors in the court's reasons for denying his petition for resentencing were necessarily harmless.  (*People v. Watson* (1956) 46 Cal.2d. 818, 836.)

As the People point out, defendant was statutorily ineligible to be resentenced under the Act, simply because the section 4501 conviction for which he was serving a life term under the former Three Strikes law was a serious felony conviction.  (§ 1192.7,

---

[2]  Defendant claims the trial court (1) misconstrued section 1170.126 in finding he was ineligible for resentencing because he was serving a life sentence when he committed his current offenses in 2007, (2) erroneously shifted the burden *to him* to show he was *eligible* for resentencing under the Act, (3) applied an incorrect legal standard in finding he posed "an unreasonable risk of danger to public safety" if resentenced under the Act, and should have applied the same standard that applies under Proposition 47, and (4) as applied, the Act denied him equal protection of the laws because he did not receive the benefit of a lower sentence based solely on the date he was sentenced.

subd. (c)(12).)  A defendant is eligible to be resentenced under the Act *only if* the defendant is serving a life term "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e).)  Indeed, a defendant is statutorily ineligible *even to file a petition* to be resentenced under the Act, if the defendant is serving a life term for a serious or violent felony conviction. (§ 1170.126, subd. (b).)[3]

An assault by an inmate on the person of another, by means of force likely to produce great bodily injury, and while the inmate is serving a state prison sentence, is a serious felony if the inmate is serving a *life* sentence when he or she commits the assault. (§ 1192.7, subd. (c)(12) [listing as a serious felony, for purposes of the Three Strikes law, "assault by a *life prisoner* on a noninmate" (italics added)].)  Defendant was serving a life term for his 1996 Orange County conviction for violating section 245, subdivision (a)(1), when he committed the two section 4501 offenses against the two correctional officers in 2007.

---

[3] Section 1170.126, subdivision (b) states:  "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the [Act] or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the [Act]."

Defendant claims his section 4501 convictions were not serious felonies because they were not section 4500 convictions. We disagree. Nothing in sections 4500 or 4501[4] indicates that a violation of section 4501 by an inmate who is serving a life sentence, is not a serious felony. In plain language, section 1192.7, subdivision (c)(12), lists "an assault by a life prisoner on a noninmate" as a serious felony. Though serving a life sentence and malice aforethought are not necessary elements of a section 4501 violation, and are necessary elements of a section 4500 violation, that does not mean that an inmate who violates section 4501, while serving a life sentence, does not commit a serious felony. Simply put, section 1192.7, subdivision (c)(12) does not specify that the "assault by a life prisoner on a noninmate" must be a violation of section 4500 and involve malice aforethought. Plainly, the wording of the statute encompasses violations of section 4501 by inmates serving life sentences.

## V. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

---

[4] Section 4500 provides: "Every person *while undergoing a life sentence*, who is sentenced to state prison within this state, and who, *with malice aforethought*, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable with death or life imprisonment without possibility of parole. . . ." (Italics added.) In contrast, section 4501 provides: "(b) Except as provided in Section 4500, every person confined in a state prison of this state who commits an assault upon the person of another by any means of force likely to produce great bodily injury shall be guilty of a felony . . . ."

9

KING
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.